oral argument not to exceed 15 minutes per side. Mr. Bacon for the appellate. Good morning. Morning your honors. If it please the court. Good morning Mr. Rutter. This case is fairly straightforward. It's about an accidental death benefit on top of a death Mr. Time up died tragically about four maybe five four July's ago on the east side of Cleveland in a high-speed accident which the witnesses estimated at over 100 miles per hour and driving recklessly. The ERISA plan paid the basic benefit at issue is the accidental death benefit. The court below found the word crime ambiguous. We disagree with that and that's the issue before the court whether or not to apply the crime exclusion so as not to pay under the plan the accidental death benefit. Why isn't the policy to define the term crime? Why couldn't have said something like an offense punishable by the relevant state or local law or something to that effect? Don't know. I didn't draft it but the word is unambiguous. I mean it's your well why couldn't have said that? I mean I'm not blaming you for it. Because there are various types of crimes and the conjunction that it has to be caused by, contributed to by, or resulting from limits it to more serious crimes by its definition. Because the plan administrator has to look at the facts of the individual case. The facts here unfortunately are rather horrific because there are two eyewitnesses that saw the deceased traveling at speeds in excess of 100 miles per hour in a 60 mile per hour zone. And unfortunately if you look at the photos of what was left behind it was a very tragic high speed accident. Is it the case then that you know think about like marijuana laws or there are things where some states allow conduct and some states don't. And so is it true that for a certain kind of conduct is not illegal versus you cross the state border and you do the exact same thing in the other state or that that the policy applies differently? I don't think so because remember this is ERISA and it's meant to apply uniformly and you're not bound to the to the state court definition. That's just sort of funny about it. I mean if you see um so there's conduct that some states make criminal and some states don't. You can see that turning on what state you're in. In other and so I'm doing something with marijuana that causes an accident but possessing marijuana there is legal. Well you might argue it's still a crime even though it wasn't punishable by the local. I guess I'm getting the point that's not punishable by the local jurisdiction. It could still be a crime under the policy. If it's if it's if it has to be a majority to cause by the accident. In other words for example in the Sixth Circuit case. I'm just saying I'm just at the crime point. I'm just I get I get I get the I get the connection or cause causation part that. Okay. I'm just like what's a starting point with what's you're saying there's some offenses I think. Some conduct that is a crime but is not doesn't cause an accident so we lack the causation point. But just just as a threshold point about what a crime is that because that varies so much. All the courts that have decided this issue under ERISA not under an IDI or a different policy have looked to the dictionary definition and that is an act punishable by the government. That's that's the problem I think the district court had. I mean so that would pick up you know a parking violation. You don't think a parking violation counts do you? No and that's exactly what this court considered in the case before it about 10 years ago and decided there was no causation. The lesser traffic offense did not contribute to or lead to the death at issue. So how much so we but I feel like in this case you're not using just speeding or even just reckless driving. You're really featuring the 100 miles an hour right that really captures it. Well that's what. Right so just bear with me I'm trying to figure out how important the facts are versus the debate about what types of crimes are covered. I mean you know so you could imagine a traffic violation where you park the car right in front of the fire hydrant and because you're in front of the fire hydrant the fire station the fire truck can't get water to this building and people die from fire. Now it's still a parking violation. Would you say well it doesn't matter because look what happened. The facts are always important your honor and that's why I cited the facts at the start of this. They're always important because there could be some crime that's of such such minute value if you will that it doesn't lead to the kind of death that was done here. That's that's the to me the differentiator and even the even the appellee admits that some crimes are what they are and they and they deserve to be recognized. He just draws the distinction that a minor crime as the court cites should not be part of the definition. The courts that have considered. Should reckless driving always be a crime under policy or not? Yes if it leads to the death. But there's no penalty under the law for reckless driving. I mean you can't go to jail. Oh yes you can in Ohio. Yes your honor you can. For your first offense? No not on the first offense. Correct. I'm sorry your honor. Not on the first offense. On a second or third offense you can go to jail in Ohio. Why isn't jailable jailable offense is a good definition of crime. There's lots of definitions but the courts have always applied the dictionary definition that it's an act punishable by the government and that dovetails rather nicely into the ERISA objective of uniformity rather than. We have two cases I think that ostensibly apply Kentucky law that said we have two there are two cases from our that apply Kentucky law that say the phrase crime it's used in different ways but essentially the phrase crime is ambiguous. Right? I'm not aware of those your honor. I apologize. The two Kentucky cases I think you're aware of them. American family life and majestic star did it maybe it came out of Kentucky and if so I apologize. Bill you Bill you that's how you pronounce one of them. That's okay there's a couple there's a couple cases in the briefs that well the two in that setting two cases that the district court found applicable or Boyer out of the eighth circuit which was then in fairness to the district court on appeal and ultimately reversed basically supporting what I'm arguing to the court today. The second case that the district court found applicable was majestic star and I distinguish that one because it was not tie it was exactly what the court suggests it was a I think driving without a license and driving without insurance and the court found that there was no causation because those offenses were not linked to the death. They did not cause or contribute to the death. Does it make any direct policy? I think I think it's more compelling that's that it's ERISA it probably doesn't make a functional difference but it's more compelling under the objective of ERISA because technically we don't even know who wrote the plan we don't know if the plan was written by the insurance company or by the plan participant chances are it was written by the insurance company and I'm happy to accept that but ERISA adds that third party to the equation the insurance company the employer and the plan participant does that answer your question your honor I hope I think so if it were policy personally by the deceased is there a jury question that you would go into I know under ERISA you wouldn't do that but that's an interesting question I haven't thought of that possibly I don't think so I think all the courts go to the dictionary definition of insurance and say it's a crime punishable by the government so I would argue that the case would still be dispositive by the court as it was here I think the answer again to be repetitive to your good ERISA question is it just makes it a more compelling case when you factor in the objectives of ERISA which are to issue so the dynamics change a little bit but the end result probably should not well let's suppose the deceased were charged in a criminal case with reckless driving is that a jury question or is that if he's driving 80 100 miles an hour or is that just a matter of law it'd be a jury question wouldn't it probably but remember in this case again because ERISA applies the administrator has to look at the record before it and the record before it contained the police report and two eyewitness actually three but two compelling eyewitness statements so the the trier of fact if you will your honor is different in an ERISA case and again that's the compelling part of this but it's no we're doing this de novo aren't we yes and and that's a good good question your honor to me it shouldn't change the result all the cases that have found this have been arbitrary and capricious but the word is still the word and it shouldn't change the result particularly given the compelling nature of ERISA but you're right this is de novo review um a couple of other thoughts well um you might want to try rebuttal for those all right time just ended thank you i'm here from the other side my mask has torn out my hearing aid just a second oh yeah no no worries take your time so good morning your honors uh my name is bob rudder appearing for the uh the appellee judy fulkerson here to follow up on the the point that you just made about the standard of care or the standard of review um it's a very important issue in this case because all of the cases that unum is relying on in in this appeal were all decided under the arbitrary and capricious standard every one of them we are not under that standard we're under the de novo so why does it make why does it make a difference under the de novo standard the court is is bound to apply the ordinary rules of insurance policy interpretation the the number one rule is any ambiguity is resolved in favor of the insured when there are more than one reasonable interpretation of a term the insured gets the benefit of the doubt that that doesn't go to the question of whether there's an ambiguity to begin with you're sort of jumping ahead right it's it's ambiguous if it has more than one reasonable definition which is what we have here we look in the dictionary as as the magistrate judge did and you see it has crime has two definitions an illegal act for which someone can be punished by the government especially a gross violation of the law that's what you know wants the definition to be number two a grave offense especially against morality we say that's the that's the definition that should be applied and that's the definition that the magistrate judge applied because under the rule we get the benefit of the doubt now the reason it makes such a big difference is because it's possible you lose under the second definition i'm sorry is it possible you lose even under the second definition i don't think in other words 80 to 100 miles an hour weaving in and out of traffic and that is reckless behavior but it is still a traffic violation it is it is not a grave offense against morality oh okay that's exactly what i'm responding to yeah my first reaction no just listen to me my first reaction was to hear those words your second definition think about these facts and say bingo what am i missing well to to the extent that that becomes a factual issue i think the magistrate judge resolved that factual issue by saying he did not consider that to be a grave offense against morality he said there was going to be coverage under the add and in order to do that you necessarily have to reach the conclusion that we just talked about that it is not well tell me but we're on de novo review tell me what i'm missing by jumping to the conclusion that this fact pattern satisfies the second definition of crime what am i missing well i i again i think on this review even though it's a de novo review of as to the law um i believe it should still be a an arbitrary capricious review as to the fact determinations by the magistrate i believe i'm not i'm not exactly an appellate expert but i think that's the way it works so you should be looking at the fact determinations made by the magistrate which were that his speed was 80 to 100 miles an hour not greatly in excess of 100 and and giving deference to those factual determinations i'm at 80 to 100 weaving in and out of traffic that's definitely reckless i i would never argue that that's not reckless that is a reckless driving hasn't every but it is still a traffic violation every every hasn't every state in the country criminalized that conduct isn't that there's not conduct punishable in every state in the country i don't know for sure but i would assume so yes i would assume reckless driving is probably a crime everywhere but it's not a serious enough crime in other words it is not a crime against a grave offense against morality and and and i can't say it any better than than the court here said it in in the majestic case where they were construing the term illegal act and and they they basically came to the same conclusion that that that term illegal act which i don't think is greatly different than crime but that term was ambiguous um and and did not rise to the level of wrongdoing for a traffic violation in that case i think it was even um well i sure i won't say i thought it was dui but i'm not sure it just seems influential to me that every um every every legislative body in the country has made this conduct punishable and made it more punishable reckless driving more punishable than just speeding so there's an added element here there's there's speed and there's risk of harm to person or property i think and all those jurisdictions have made the judgment that this is effectively a morality offense or whichever different dictionary definition you want to use that this offense is serious enough that it's punishable potentially by imprisonment well but that's the difference between saying something is a serious offense against morality or or it's a lesser offense i mean certainly you could make the argument i suppose that every crime every you know jaywalking is it's against the law so if you want to look at it that way you would say well that's against the law so it's a crime against morality but i don't think that's the common i think that's the common usage of that term and that's what people would generally understand that term to mean um but if you just say there's a spectrum let's accept your point that there's a spectrum and on one end is the jaywalking parking in the wrong place and you know the last one is intentional murder right so we're not we're not going to argue about the last one um why reckless driving is pretty far along um and that that that's what doesn't that's what seems reasonable to me about this case to say well i think the the other cases that have been decided in this court i mean kovach was a case with the dui and and and going through the stop sign um i don't recall the exact facts of the majestic casino but it were the majestic star casino case but they're all the sort of conduct that we're talking about speeding reckless dui those sorts of conduct and and this court has held in those cases that that does not rise to the level sufficient for the second definition of crime now if you're applying the first definition and this is why the arbitrary and capricious standard becomes so critical in in that in that analysis on that point for what it's i mean you're referring to the fact that our prior decisions are applying arbitrary and capricious is that the point you're making the point i'm making is all the cases that they are relying on i got it are under that standard and and under that standard when the when the provider here unum is given discretion to interpret the policy the rule of contra preferentum gets turned on its head the the insurance company is then allowed to to interpret the policy as it is intended to be interpreted and of course that's typically what they would do uh and then the review is whether or not they have they have selected a definition that is reasonable there's another limiting there's another limiting excuse me there's another limiting factor by the language of the policy the causation element right it's not just any crime it's one that um caused or contributed to a loss so it has to be it has to be conduct that's serious enough that has caused um an accidental death or dismemberment doesn't that isn't that sort of a gatekeeper in terms of how serious as a policy holder lawyer that that that language makes me very nervous because it's not a direct proximate cause language contributed to i mean if you park outside that building are you contributing to the the the the offense i mean that's a very a lot of squishy terms there and unum has used for example they've argued that not having a driver's license is is is caused to or contributed they've argued that in the other cases so i i don't think a lot of comfort in those words the question i have a question that this would make the situation in an ordinary claim against the insurance company from erisa because if the causation is required that would become a issue for the jury would it not or the judge or whoever's trying it um i think under a non-arisa case you're doing the normal the normal rules of of uh insurance policy construction that's probably a fact issue yes i would agree and here if you look at it as a fact issue it would be a fact issue that would be up to the magistrate to decide um you're i did look at your standard review section of your brief and it's all de novo there's no nothing but de novo review mentioned in this case it's de novo review of the law for sure well i'm telling you you say nothing else you don't have any qualifiers or any anything about deference to the magistrate i i i guess looking at the the opinion sometimes it's hard to figure out if they're if they're making a factual determination or if it's all legal it's it's a it's a little bit difficult there's really no dispute about the facts here right there's no dispute about there's no dispute i know there was a dispute about alcohol but that's off the table there's no dispute about the facts the speed the speed the the accident the weaving well whether he was going 80 or 100 i guess you could say that's a factual dispute it's not really terribly relevant i don't think i mean no matter which speed he's going it's it's it's still reckless but so to but it does maybe go to the extent of the recklessness as you were getting to judge sudden i mean it could be construed as being well one sliding scale 100 is worse than than 80 right i mean one measure of unfortunately his car ended up on the side of the road and he he passed as a result of the accident so that's one measure that's one measure of the seriousness yes i thought that would be one yes um so i i think in this case the the the decision here that this court came back in shelby versus majestic star casino the illegal act case um that was a de novo review they held a legal act to be an um an ambiguous term and this result in this case should not be should not be any different and we would just ask that the case be remanded this is kind of a i don't mean harsh but tricky question but i'm going to do the same thing for the other side so it's fair assume for the sake of argument you lose how would you wish we wrote the decision still losing there's nothing you can do for your client at that point how would you wish we wrote the decision so we don't mess up the law in this area i'm going to ask the same question for the other side so i'm not they may both be unfair questions but i'm just curious since you're both insurance experts well judge i don't know i don't know if i could i could give you anything off the top of my head on that i'm i'm not sure well one answer is to say um it's not all offensives reckless driving's pretty far along the spectrum and it's becomes a reckless driving decision it's not going to mess up lots of other law it seems to me one way to think about it from your from the perspective of people on your side of the case your side of the v well i suppose if i had to you know if i had to if i had to lose i would certainly like to have the court say yes you should be applying the second definition for sure we agree with you you should be applying the second definition it does not apply to every run-of-the-mill criminal violation not every traffic violation not every criminal offense so to speak is going to satisfy that definition then make a factual determination that okay in this particular case though we think this level of conduct does satisfy a grave offense especially against morality okay that's that's a little better for me all right maybe feel a little better but not not it's not the friendliest question but we have a job to do i'm trying trying to make sure we don't mess things up okay all right thank you thank you we'll hear rebuttal i'd love to hear your answer to that question from obviously you're you're losing certainly in an i think i would distinguish between orissa cases and other cases although the courts really have not uh if you look at the uh eighth circuit in the reversal in in boyer let's take that option off the table now how do you lose simply saying crime is uh crime is not differently well the different definitions of crime are not important because there is a qualifier in the policy that connects whatever crime is to the nature of the death that's what i would say and a crime and a crime is defined as anything punishable by the court but in this case i think again the the reasoning these other decisions address that it says the the defendant is concerned that one pop one mile per hour would then cause him to not get that extra ad and d coverage uh that's not a problem because the qualifier mandates that it be reasonable i hope that's an answer i think it is it's not just any crime it's a crime of severity that causes a death so that's all i have unless you have questions your honor no i think we're good thank you yes both of you for your helpful briefs and arguments and for answering our questions which we always appreciate the case will be submitted